UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NY COMMUNITY FINANCIAL, LLC, a Delaware Corporation,<br><br>          Plaintiff,<br><br>    - against -<br><br>CITIGROUP, INC., a Delaware Corporation, and CITIBANK, N.A., a wholly owned subsidiary of CITIGROUP, INC.,<br><br>          Defendants. | Case No.:  15 CV 862 (DLC)<br><br>**ANSWER** |

  Defendants Citibank, N.A. and Citigroup, Inc., by their attorneys, Zeichner Ellman & Krause LLP, answer the complaint, upon information and belief, as follows:

  1.  They have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except refer all questions of law to the Court.

  2.  They have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 12 – 13, 15 – 17, 30 – 41 and 43 – 45.

  3.  They deny each and every allegation contained in paragraphs 3 and 4, except that Citigroup is a Delaware corporation, with its principal place of business at 399 Park Avenue, New York, New York, and Citibank, a subsidiary of

Citigroup, is a national banking association with a main office in Nevada, and both transact business within this district.

4. They deny each and every allegation contained in paragraphs 5, 6, 46, 49 and 51 – 52, except refer all questions of law to the Court.

5. They have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in 7 – 11, 14, 18 – 28, 47 – 48 and 50, except refer all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

6. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

7. Citigroup is a holding company that does not maintain any bank accounts.

8. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against Citigroup.

## THIRD AFFIRMATIVE DEFENSE

9. Plaintiff's claims are not subject to or governed by the Check 21 Act.

10. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are not subject to or governed by the Check 21 Act.

12. Therefore, this Court lacks subject matter jurisdiction over this action.

### FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff lacks standing to assert a claim against defendants or either of them.

### SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff is not in privity with defendants and is owed no duty by defendants or either of them.

### SEVENTH AFFIRMATIVE DEFENSE

15. Defendants have defenses to the complaint based upon documentary evidence.

### EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff has failed to join necessary parties, including the payees and drawers of the checks referred to in the complaint.

### NINTH AFFIRMATIVE DEFENSE

17. If plaintiff suffered any losses, they resulted from its failure to exercise ordinary care and/or because it was negligent in cashing the checks referred to in the complaint.

### TENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims against defendants are barred by the doctrines of laches, waiver, estoppel and ratification.

### ELEVENTH AFFIRMATIVE DEFENSE

19. Plaintiff has not suffered any damages as a result of any alleged conduct of defendants.

### TWELFTH AFFIRMATIVE DEFENSE

20. To the extent plaintiff has obtained or obtains restitution or other payment from anyone concerning the allegations made in the complaint, defendants are entitled to an offset in like amount against claims made against them in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. Any damages allegedly suffered by plaintiff were caused, in whole or in part, by superseding and/or intervening acts of others than defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. If the damages allegedly sustained by plaintiff occurred at the time and place and in the manner alleged in the complaint, such damages are attributable, in whole or in part, to the culpable conduct of plaintiff; and if any damages are recoverable against defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff should be precluded from recovery because it failed to mitigate its damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. No actions of defendants, or either of them, were the proximate cause of any damages allegedly suffered by plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

25. To the extent that plaintiff obtained or obtains relief from anyone concerning the allegations in the complaint, defendants are entitled to a set-off in a like amount.

## EIGHTEENTH AFFIRMATIVE DEFENSE

26. To the extent plaintiff had a policy of insurance covering any losses referred to in the complaint, plaintiff is precluded from recovery of such funds from defendants, or either of them.

**WHEREFORE**, defendants demand judgment as follows:

1. dismissing the complaint in all respects together with the costs and disbursements of this action; and

2. for such other relief as this Court deems proper.

Dated: New York, New York
April 15, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Mark Zeichner
Ronald M. Neumann
Attorneys for Defendants
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

#805877

TO:   The Volakos Law Firm, P.C.
      120 Bay Ridge Avenue
      Brooklyn, New York  11220

#805877

## CERTIFICATE OF SERVICE

    Michael W. Antonivich, hereby certifies pursuant to 28 U.S.C. 1746 and under penalty of perjury that on the 15th day of April, 2015, I served a true copy of the within **DEFENDANTS' ANSWER** upon the following party by first class mail at the last known address indicated below:

    The Volakos Law Firm, P.C.
    Attorneys for plaintiff
    120 Bay Ridge Avenue
    Brooklyn, New York  11220


Dated: April 15, 2015

                                                            Michael W. Antonivich